DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

IN RE: APPEAL FROM PSC ORDER NO. 20/2010 )
DENYING APPELLANT'S MOTION FOR            )
RECONSIDERATION OF PSC ORDER NO.          )
11/2010                                   )     Civil No. 2010-13
_____)

**ATTORNEYS:**

**Emily K. Sabo, Esq.**
Emily Sabo Esquire, LLC
St. Thomas, VI
    *For the petitioners*,

**Samuel H. Hall, Jr., Esq.**
Hall & Griffith, P.C.
St. Thomas, VI
    *For the Virgin Islands Water and Power Authority*,

**Vincent F. Frazer, Virgin Islands Attorney General**
**Bernad Van Sluytman, Virgin Islands Solicitor General**
**Paul Paquin, ASG**
Virgin Islands Department of Justice
St. Thomas, VI
    *For the Virgin Islands Public Services Commission.*

## MEMORANDUM OPINION[1]

**GÓMEZ, C.J.**

Before the Court is the motion of the Virgin Islands Public Service Commission (the "PSC") and the Virgin Islands Water and Power Authority ("WAPA") to dismiss the administrative appeal of the petitioners, the Virgin Islands Ratepayers Association, the Virgin Islands Conservation Society, and 214 individual petitioners (collectively, the "Petitioners"), for lack of subject matter

---

[1] On September 30, 2010, this Court granted the PSC and WAPA's motions to dismiss the complaint. This Memorandum Opinion expresses the Court's reasons for granting those motions.

*In re PSC Order No. 20/2010*
Civ. No. 2010-13
Memorandum Opinion
Page 2

jurisdiction.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In October of 2009, the Virgin Islands Public Services Commission ("PSC") held meetings to consider several "rate order agreements" between WAPA and Alpine Energy Group. These agreements pertained to the purchase of electric energy for the Virgin Islands.[2] The PSC approved the rate order agreements on October 6, 2009. Thereafter, the PSC memorialized this approval in a written order, which was dated *nunc pro tunc* to October 6, 2009.

On November 5, 2009, the Petitioners submitted a motion for reconsideration of the rate order agreements to the PSC. On November 23, 2009, the PSC voted to deny the motion for reconsideration.

On January 22, 2010, the Petitioners initiated this action,[3] which they describe as an "Appeal Pursuant to 30 V.I.C. § 34."[4]

The Petitioners allege that the PSC, in approving the rate order agreements, violated the Virgin Islands Sunshine Act and the Virgin Islands Public Records Act by failing to give the public adequate

---

[2] The agreements consisted of two power purchase agreements, two interconnection agreements and equity structuring agreements, and a site lease option agreement for the purchase of electric energy by WAPA for the Territory of the Virgin Islands.

[3] Although the Petitioners do not name anyone as a defendant, they served the notice of appeal on the PSC and WAPA. The PSC and WAPA have appeared and submitted responsive pleadings, including the instant motions to dismiss. Accordingly, for the purposes of the instant motion, the Court will treat the PSC and WAPA as defendants.

[4] Title 30, Section 34 of the Virgin Islands Code provides that "Any public utility or any other person or corporation affected by any final order or decision of the [PSC] may, within sixty days after final action by the [PSC] . . . file . . . a petition of appeal . . . ." V.I. Code Ann. tit. 30, § 34(a).

notice; that the PSC violated Virgin Islands law by denying the Petitioners adequate time to seek reconsideration of the order approving the rate order agreements; that the PSC exceeded its statutory authority by approving the rate order agreement; that the PSC failed to exercise its rate-setting powers in conformity with Virgin Islands law; that the PSC engaged in arbitrary and capricious factfinding in approving the rate order agreements, in violation of Virgin Islands law; and that the PSC failed to investigate and produce a record of evidence before approving the rate order agreements, in violation of Virgin Islands law.

Petitioners accordingly urge this Court to reverse the PSC agreement, issue a declaratory judgment that the PSC does not have the authority to issue the rate order; issue an injunction against the PSC preventing it from issuing future orders similar to the rate order agreement; issue a declaratory judgment specifying what power the PSC has to review and approve such agreements generally; and order the PSC to conduct further fact finding investigations into the reasonableness of the rates set in such agreements.

On February 25, 2010, and March 3, 2010, WAPA and the PSC, respectively, moved to dismiss this matter for want of subject-matter jurisdiction. The Peitioners opposed the motions.

## II. <u>DISCUSSION</u>

It is axiomatic that federal courts are courts of limited jurisdiction, and that they must assess the existence of jurisdiction

in each case. *See Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977) ("[F]ederal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits.")

Jurisdictional challenges may be either facial or factual. Where a defendant challenges a plaintiff's claim to federal-court subject-matter jurisdiction on its face, the court must accept all material allegations in the complaint as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks to subject-matter jurisdiction "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"). The party seeking the exercise of this Court's jurisdiction bears the burden of showing that such jurisdiction exists. *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 725 n.10 (3d Cir. 1982), *cert. denied*, 462 U.S. 1106 (1983).

### III. ANALYSIS

In 1984, Congress amended the Virgin Islands Revised Organic Act to "establish the framework for a dual system of local and federal judicial review in the Virgin Islands." *Parrott v. Gov't of the V.I.*, 230 F.3d 615, 619 (3d Cir. 2000); *see also* 48 U.S.C. § 1612.

Specifically, Congress amended Title 48, Section 1612 of the United States Code, which now provides, in pertinent part: "the District Court of the Virgin Islands shall have general original jurisdiction in all causes in the Virgin Islands the jurisdiction over which is not then vested by local law in the local courts of the Virgin Islands." 48 U.S.C. § 1612(b).

The Petitioners contend that the Virgin Islands Legislature has not vested jurisdiction over appeals of PSC orders in the Virgin Islands courts. In support of this contention, they rely on Title 30, Section 34 of the Virgin Islands Code ("Section 34"). Section 34, enacted in 1965, provides, in pertinent part, "The District Court of the United States Virgin Islands shall have jurisdiction to hear and determine any appeal from an order or decision of the [PSC]." V.I. CODE ANN. tit. 30, § 34(a).

On October 1, 1991, the Virgin Islands Legislature enacted Act Number 5594 ("Act 5594"), which amended Title 4, Section 76 of the Virgin Islands Code ("Section 76"). Section 76 now provides, in pertinent part, "the Superior Court shall have original jurisdiction in all civil actions regardless of the amount in controversy . . . ." V.I. Code Ann. tit. 4, § 76(a). In *Estate of Thomas Mall, Inc., v. Territorial Court of the Virgin Islands*, 923 F.2d 258, 264 (3d Cir.1991), the United States Court of Appeals for the Third Circuit recognized that Section 76 vests the Superior Court of the Virgin Islands with jurisdiction over all local civil actions.

In re PSC Order No. 20/2010
Civ. No. 2010-13
Memorandum Opinion
Page 6

WAPA and the PSC contend that Act 5594 effectively repealed Section 34. Ordinarily, repeal of a statutory provision must be explicit. *See Gov't of V.I. v. Mills,* 935 F.2d 591, 596 (3d Cir. 1991) ("It is, of course, a cardinal principle of statutory construction that repels by implication are not favored") (internal quotation omitted). However, in some instances, a statute may be repealed implicitly. *Id.* ("A repeal by implication may be found if (1) provisions in two acts are in irreconcilable conflict or (2) it is clear that an earlier act was intended to be replaced by a subsequent act completely covering the same subject.")

For example, in *Parrott v. Government of the Virgin Islands,* 230 F.3d 615 (3d Cir. 2000), a prisoner appealed this Court's dismissal of his petition for relief under the Virgin Islands Habeas Corpus Statute, codified at Title 5, Section 1303 of the Virgin Islands Code. The Habeas Corpus Statute provided that "[t]he writ of habeas corpus may be granted by the district court, upon petition by or on behalf of any person restrained of his liberty." V.I. Code Ann. Tit. 5, § 1303. The *Parrott* court concluded that, although the reference to "district court" had never been amended, it was repealed by implication through Act 5594. The Third Circuit explained that the broad language of Section 76 "operates to divest the District Court of jurisdiction *for all civil actions* . . . ." *Id.* at 621 (emphasis supplied). The court further pointed to substantial precedent providing that Section 76 had implicitly repealed other

pre-existing statutes purporting to give this court jurisdiction over civil actions. *See, e.g.*, *Moravian Sch. Advisory Bd. v. Rawlins*, 70 F.3d 270, 273 (3d Cir. 1995) (construing implied repeal of Title 5, Section 1421 of the Virgin Islands Code); *Tamarind Resort Assoc. v. Gov't of the V.I.*, 138 F.3d 107, 114 (3d Cir. 1998) (construing same for Title 21, Section 913(d) of the Virgin Islands Code).

Here, as in *Parrott*, the Legislature has neglected to amend Section 34 to conform with Section 76. However, the fact that the Legislature has not eliminated every reference to the District Court contained in the Virgin Islands Code is not dispositive. Instead, as in *Parrott*, it is clear that the earlier act--Section 34--"was intended to be replaced by a subsequent act completely covering the same subject." *Mills*, 935 F.2d at 596. As the Third Circuit has repeatedly held, Section 76 means what is says: the Superior Court of the Virgin Islands has "original jurisdiction in all civil actions." V.I. CODE ANN. tit. 5, § 76(a). Any pre-existing statute purporting otherwise has been impliedly repealed.

Although there is no longer any basis in Virgin Islands law for this court to exercise subject-matter jurisdiction over this action, this Court retains its authority to hear cases in which there is diversity of citizenship or a federal question. *See* 28 U.S.C. §§ 1331, 1332.

"Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint

was filed." *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995). Diversity jurisdiction requires that the controversy be between citizens of different states, and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332 (a)(1).

Upon review of the pleadings, it is apparent that the parties are not diverse in this case. WAPA and the PSC are agencies of the Government of the Virgin Islands. Further, the Petitioners are Virgin Islands associations and Virgin Islands citizens who pay for electricity from WAPA.

In order for the Court to have federal question jurisdiction, the case must arise under the Constitution or laws of the United States. 28 U.S.C. § 1331. More specifically, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat. Bank*, 299 U.S. 109, 112 (1936). A cause of action raises a federal question only if it would ordinarily appear on the face of a well-pleaded complaint. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002).

Here, Petitioners' appellate brief asserts only claims arising under territorial law.[8] Indeed, Petitioners raised no suggestion of any federal claim until the PSC and WAPA filed the instant motions

---

[8] Specifically, as discussed above, they assert claims arising from V.I. Code Ann. tit. 1, §§ 251-256; V.I. Code Ann. tit. 3, §§ 881-884; V.I. Code Ann. tit. 30, §§ 116(b);V.I. Code Ann. tit.30, §§ 20-22;

to dismiss. Now, in opposing those motions, the Petitioners ask the Court to infer that, given their stated claims for relief, the PSC also violated the United States Constitution.

A federal question cannot be inferred where no federal claim has been asserted and where no federal issue would naturally arise from those claims which have been asserted. *See, e.g., Spellman v. Meridian Bank*, Nos. 9403203, 94-3204, 94-3215, 94-3218, 1995 WL 764548, *2 (3d Cir. Dec. 29, 1995) ("the 'well-pleaded complaint rule . . . . requires the federal question be presented on the face of the plaintiff's properly pleaded complaint."); *New York ex rel. Bryant v. Zimmerman,* 278 U.S. 63, 68 (1928) ("It is not enough that the opinion of the Appellate Division referred to the Constitution of the United States. To give us jurisdiction the record must show affirmatively that the federal question was before the Court of Appeals. Mere inference will not do."); *Warrington Sewer Co. v. Tracy*, 463 F.2d 771, 772 (3d Cir. 1972) ("A mere incidental or collateral federal question may appear, or may lurk in the background of the record, but this is not sufficient or adequate basis upon which federal jurisdiction may attach." (internal quotation marks omitted)).

Nothing on the face of the Petitioner's appeal gives rise to any conceivable federal cause of action. Indeed, the gravamen of their appeal is that the procedure by which the PSC approved the rate order agreements at issue violated Virgin Islands law. That is, the

Petitioners, citizens of the Virgin Islands, have sued the PSC and WAPA, agencies of the Virgin Islands Government, for violating Virgin Islands law. This is a matter which belongs in a Virgin Islands court.

## IV. CONCLUSION

This matter was brought before this Court as an appeal of a decision of a Virgin Islands administrative agency. Although this Court once had jurisdiction to hear such matters, the Virgin Islands Legislature, acting in accordance with the Revised Organic Act, has since granted the Superior Court original jurisdiction over all civil actions. This appeal is one such civil action. The Court therefore may only entertain this action if federal law creates a basis for the exercise of its jurisdiction. Finding no such basis, the Court is required to dismiss this action. An appropriate order follows.

```
                              S_____
                                  CURTIS V. GÓMEZ
                                    Chief Judge
```